IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

SAMAD HAMID CASTRO (01)

No. 4:26-CR-077-P

# PLEA AGREEMENT WITH WAIVER OF APPEAL

Samad Hamid Castro ("Defendant"), Michael Lehmann, Defendant's attorney, and the United States of America ("Government"), agree as follows:

1. Rights of Defendant: Defendant understands that Defendant has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have Defendant's guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in Defendant's defense; and

   e. against compelled self-incrimination.

2. Waiver of Rights and Plea of Guilty: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that is, Distribution of a Controlled Substance. Defendant understands the nature and elements of the crimes to which Defendant is

pleading guilty and agrees that the factual resume Defendant has signed is true and will be submitted as evidence. Additionally, under U.S.S.G. § 1B1.2(c), the parties stipulate that Defendant, from on or about October 2023 through in and around August 2025, in the Fort Worth Division of the Northern District of Texas and elsewhere, did knowingly and intentionally conspire and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), to wit: to possess with intent to distribute Oxycodone—all in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)).

3. Sentence: The penalties the Court can impose include:

a. imprisonment for a period of not more than twenty (20) years;

b. a fine not to exceed $1,000,000;

c. a mandatory term of supervised release of not less than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision; and

g. forfeiture of property.

4. Immigration consequences: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the

defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. Court's Sentencing Discretion and Role of the Guidelines: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the Court's discretion.

6. Mandatory special assessment: Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. Defendant's agreement: Defendant agrees that the additional conduct and offense Defendant stipulates he committed under U.S.S.G. § 1B1.2(c) may be used in calculating his guideline range. Defendant shall give complete and truthful information and/or testimony concerning Defendant's participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding Defendant's capacity to satisfy any fines or restitution.

8. Forfeiture of property: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information from the defendant, including, but not limited to:

- 2025 Toyota Grand Highlander Limited;
- 0.24292936 Ethereum (ETH);
- 0.4427769 Ethereum (ETH);
- 700197.00 USD Coin (USDC);
- 0.0700745 Ethereum (ETH);
- 140.567706796176 Monero (XMR);

- Affinity Federal Credit Union, Acct. #814648692, VL: $725.03;
- Affinity Federal Credit Union, Acct. #814648907, VL: $9,632.93.

The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9. Government's Agreement: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. After sentence is imposed, the government will move to dismiss any remaining counts against the defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

10. Violation of Agreement: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free

to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against Defendant of any information or statements he has provided to Government and any resulting leads.

11. Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. Waiver of right to appeal or otherwise challenge sentence: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from Defendant's conviction, sentence, fine, and order of forfeiture if any. Defendant further waives Defendant's right to contest Defendant's conviction, sentence, fine, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. Representation of Counsel: Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received from Defendant's lawyer

explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to Defendant other than entering into this agreement. Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's lawyer, Defendant has concluded that it is in Defendant's best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

14. Entirety of Agreement: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 24 day of March, 2026.

SAMAD HAMID CASTRO
Defendant

RYAN RAYBOULD
UNITED STATES ATTORNEY

ERIC B. CHEN
Assistant United States Attorney
Texas State Bar No. 24094587
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 252-5200
Facsimile: (817) 252-5455

MICHAEL LEHMANN
Attorney for Defendant

SHAWN SMITH
Deputy Branch Chief

I have read ~~(or had read to me)~~ this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

SAMAD HAMID CASTRO

3/24/26
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

MICHAEL LEHMANN
Attorney for Defendant

3/24/26
Date